**In the Matter of Timothy D. FREEMAN, Respondent.**

**Nos. 49S00–1103–DI–168, 49S00–1105–DI–287, 49S00–1106–DI–345.**

Supreme Court of Indiana.

April 3, 2012.

*PUBLISHED ORDER FINDING RESPONDENT IN CONTEMPT OF COURT, IMPOSING FINE, ORDERING DISGORGEMENT OF RETAINER, AND CONDITIONALLY DIRECTING IMPRISONMENT*

Since November 2010, Respondent has been the subject of five show cause proceedings for noncooperation with the Commission. He has been suspended for noncooperation in Cause No. 49S00–1103–DI–168 since July 19, 2011. Suspension orders were later entered in Cause Nos. 49S00–1105–DI–287 and 49S00–1106–DI–345.

The Commission filed a "Verified Motion for Rule to Show Cause" on January 6, 2012, later amended on January 10, 2012, alleging the Respondent continued to practice law in seven cases after he was suspended. His actions included sending correspondence to opposing counsel, serving discovery requests, appearing in court, filing documents in pending cases, and initiating a new case by filing an appearance and a complaint. In addition, he accepted a retainer of $500 from an existing client for new work and a $3500 retainer from new clients. The new clients recovered the retainer by reversing the charges on their credit cards. Respondent has not responded to the existing client's demand for a refund.

The Court entered a show cause order on January 13, 2012, ordering Respondent to show cause in writing why he should not be held in contempt for disobedience of the Court's order suspending him from the practice of law in this state. Certified mail sent to his office address was returned unclaimed on February 9, 2012. Service by certified mail at Respondent's home address was made on February 17, 2012. It has been over 15 days since service of the Order to Show Cause, and Respondent has not responded.

The documents attached to the Commission's motion provide compelling evidence that Respondent continued to practice law unabated in multiple cases in heedless disregard of this Court's suspension orders. Even if a few of the acts may have occurred before Respondent was aware of his suspension, others occurred months later, including his acceptance of a new case and $3500 retainer in December 2011.

This Court has inherent and statutory authority to punish contempt of court by fine and imprisonment. *See Matter of Mittower,* 693 N.E.2d 555, 559 (Ind.1998). In determining an appropriate punishment, the Court considers, among other factors, any continuing risk to the public or profession. *See id.*

For Respondent's egregious violations of this Court's suspension order over several months, the Court concludes that Respondent should pay a substantial fine, disgorge the $500 retainer he received while suspended, and be imprisoned for a period of thirty (30) days unless he pays the fine and disgorges the retainer by the deadlines set forth below. In addition, the Court will take Respondent's contempt into consideration in any future disciplinary or reinstatement actions concerning Respondent.

The Court therefore ORDERS that Respondent **be fined the sum of $2,500.00.** Respondent shall remit this amount **within ten (10) days of service of this order** to the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court.

The Court further ORDERS that Respondent **disgorge the $500 retainer** described above, **within ten (10) days of service of this order,** and that Respondent file and serve a verified report that the retainer has been refunded to the client within five (5) days of making the refund.

**If Respondent fails to comply with this Order by the deadlines set forth above, Respondent will be ordered to serve a term of imprisonment for a period of thirty (30) days,** without the benefit of good time, and the Sheriff of the Supreme Court of Indiana will be directed to take Respondent into custody and turn him over to the Indiana Department of Correction.

The Clerk of this Court is directed to serve a certified copy of this Order upon Respondent or his counsel by delivering a certified copy personally, or by sending a certified copy of it by registered or certified mail, return receipt requested. The Clerk is directed to forward a copy of this Order to the Indiana Supreme Court Disciplinary Commission. The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur; except DAVID, J., who dissents in part, believing that longer imprisonment should be required; and MASSA, J., not participating.